{¶ 33} "There should probably be an organization called `Hearsay Anonymous.' Membership would be open to those to whom hearsay has always been a terrifying and awesome mystery. Like its partner in terror, the rule against perpetuities, the rule against hearsay ranks as one of the law's most celebrated nightmares. To many practitioners, it is a dimly remembered vision, which conjures up confused images of complex exceptions and incomprehensible and antiquated cases." Murphy and Barnard, as quoted by William C. Thompson, University of California at Irvine, in "Empirical Study of hearsay; Pitfalls and Prospects," presented on 3/7/98 at the meeting of the American Psychology-Law Society.[2]
 {¶ 34} J. Alexander Tanford, law professor at Indiana University, has observed: "No matter how hard you try, you will never actually understand hearsay. Luckily, neither will anyone else, so you will not be at a disadvantage."
 {¶ 35} I concur in the majority's conclusion Zachary's response to the CI question "Whose got the biggest?" is not hearsay. The majority so concludes because "The statements at issue were not offered by the State to prove the truth of the matters asserted, i.e. who had the `biggest ones.' It only shows that Zachary thought that "D" had the biggest pieces of crack cocaine." (Majority Opinion at par. 22). I share the majority conclusion "Holler at D" is not hearsay but reach this conclusion for a different reason.
 {¶ 36} At first blush, the words "Holler at D" do not appear to constitute a statement at all; therefore the hearsay rule is inapplicable. "Holler at D" appears to be an imperative; a command, rather than a statement. However, when put into context with the question "Whose got the biggest?", the clear interpretation of Zachary's answer is "D has the biggest." When so considered, "Holler at D" makes an assertion, even though it may also express the declarant's (Zachary) opinion. Verbal conduct intended to assert a fact but phrased as a question or command is capable of being a statement. Powell v. State
(1997), 714 NE 2d 624.
 {¶ 37} Given the totality of the circumstances, i.e. that the statement was made in the context of an undercover drug buy, Zachary's statement "Holler at D" impliedly asserts D has the biggest pieces of crack cocaine for sale. Thus the statement constitutes direct evidence the appellant had crack cocaine for sale and circumstantially to prove appellant did in fact sell crack cocaine to the CI. As such, the hearsay rule may apply.
 {¶ 38} There being no record objection, the State was not required to allege the statement was being offered for any reason other than to prove the truth of the matter asserted. Had an objection been raised, the State may have asserted the statement was not being proffered to prove appellant had the biggest pieces of crack cocaine for sale, but rather why the CI approached the appellant rather than Zachary to consummate the purchase. If so offered, the statement would not be hearsay and, if further determined by the trial court its probative value was not substantially outweighed by the danger of unfair prejudice (Evid.R. 403 (A)), admissible when accompanied by an instruction to the jury as to its limited use.
 {¶ 39} I suggest the statement is not hearsay for another reason. Because the statement was made in the presence of the appellant and one which, if not true, would be expected to elicit a denial by the appellant, Zachary's statement may be considered an adoptive admission by appellant under Evid.R. 801 (D) (2) (b). (For an analogous result see U.S. v. Wiseman (1987),814 F2d 826.) If considered as adopted by the appellant, the statement is not hearsay by definition pursuant to Evid.R. 801 (D). Therefore I concur with both the trial court and my colleagues "Holler at D" is not hearsay under the scenario presented in this case. The trial court did not commit error in refusing to redact this statement from the tape as being in violation of the hearsay rule.
 {¶ 40} However, I respectfully disagree with the majority's conclusion that if the statement was hearsay, it qualifies under the present sense impression to the hearsay rule. The statement does not describe or explain an event or condition; rather it offers an opinion of fact. As such, I disagree with the majority's conclusion the present sense impression exception to the hearsay rule would apply in this situation.
 {¶ 41} I fully concur in the majority's analysis and disposition of appellant's second assignment of error.
[2] Compliments of Magistrate Brian Goodell, Lucas County Juvenile Court.